# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ALLAH,[1]

        Plaintiff,

v.

PAUL SHERFEY,

        Defendant.

Case No. C17-1746 RSM-JPD

ORDER DENYING MOTION TO RECUSE

THIS MATTER comes before the Court on Plaintiff's Motion made to both the Undersigned Judge and the Magistrate Judge to whom this case is currently assigned, seeking that they recuse themselves from this case. Dkt. #7. This motion has been referred to the Undersigned to the extent it seeks the Undersigned's recusal. For the reasons set forth herein, the Court DENIES Plaintiff's motion.

Plaintiff has filed numerous Complaints in this Court.[2] Most recently before the Undersigned, Plaintiff filed a Petition for Writ of Habeas Corpus claiming that a 2002 criminal judgment is invalid because it does not name "Allah©" as the defendant. *See Allah v. Washington Supreme Court, et al.*, Case No. C17-0458RSM, Dkt. #10 at 7-8. Plaintiff further claimed that the

---

[1] Mr. Allah files all pleadings in this Court under the name "Allah©".

[2] At last count there were more than 30.

ORDER - 1

Washington Department of Corrections has no records naming "Allah©" as a defendant, and that his current confinement is therefore unlawful. *See Allah v. Washington Supreme Court, et al.*, Case No. C17-0458RSM, Dkt. #10 at 7-8. Plaintiff therefore asked that this Court compel the judges of the Washington Supreme Court and the Washington Court of Appeals, Divisions I and III, to dismiss the 2002 King County case "for lack of jurisdiction and malicious prosecution." *Id.* at 4.

After reviewing the Petition, the Honorable Mary Alice Theiler, United States District Judge, determined that it was deficient in that Plaintiff failed to clearly articulate a viable constitutional claim, and he failed to show that any constitutional claims pertaining to his 2002 judgment have been properly exhausted in the state courts. Judge Theiler also determined that the Petition, even if it did identify a viable claim for relief, was likely barred by the federal statute of limitations, 28 U.S.C. § 2244(d). Accordingly, on May 9, 2017, Judge Theiler issued an Order directing Plaintiff to show cause why his Petition should not be dismissed as time barred. *Id.*, Dkt. #11. Judge Theiler noted in the Order to Show Cause that although it is not entirely clear when Plaintiff's 2002 state court judgment became final, the materials available to this Court suggest it was approximately 15 years ago, well beyond the one year limitations period set forth in 28 U.S.C. § 2244(d). *Id.* After receiving Plaintiff's response to the Order to Show Cause, Judge Theiler issued her Report and Recommendation ("R&R"), recommending that this Court dismiss the Petition as untimely. *Id.*, Dkt. #13 at 3.

On June 12, 2017, this Court entered an Order approving and adopting Judge Theiler's R&R. *Id.*, Dkt. #16. Accordingly, this action was dismissed as untimely and the certificate of appealability was denied. *Id.* This matter was then closed.

Plaintiff then filed several supplemental briefs, including a Motion for Immediate Relief and a Supplemental Rule 60 Motion. *Allah v. Washington Supreme Court, et al.*, Case No. C17-0458RSM, Dkts. #18-#23. The gist of those motions appeared to be that this Court is not a real court, the Judges are not real judges, Allah is a sovereign citizen not subject to the jurisdiction of this Court, and Allah is God and therefore cannot be judged. *Id.* The Court denied the motions and the matter remains closed. *Id.*, Dkt. #24.

Plaintiff now moves the Undersigned to recuse himself from this case based on his prior Order adopting Judge Theiler's R&R, and other Orders on his cases in this Court. Dkt. #7 (in the instant matter). With respect to the Undersigned, Plaintiff asserts that he is "a liar," a "devil" and a "creep," and that because Plaintiff's state court judgments are invalid, the Undersigned will "lie and dismiss [this] Case to save everyone and keep Allah©, illegally imprisoned by their Fellow creeps." *Id.* at 2.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United*

ORDER - 3

*States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

In the instant motion, Plaintiff fails to allege facts or behavior by the Court demonstrating bias towards him. Plaintiff makes a passing reference that the Undersigned "is a Defendant" and therefore shall recuse himself; however, the Court notes that only one Defendant has been named in this action and that person is not a federal judge.

Accordingly the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Recuse (Dkt. #7) is DENIED to the extent it seeks recusal of the Undersigned.

2. The motion remains pending with respect to the request that Judge Donohue recuse himself, as that is a matter that Judge Donohue must initially address.

3. In accordance with LCR 3(e), this Order is referred to the Honorable Ronald B. Leighton, the senior active judge in this District, for review of this decision.

4. The Clerk is directed to provide copies of this Order to U.S. District Judge Ronald B. Leighton.

//

//

ORDER - 4

DATED this 5th day of January 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 5