UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLAH, <br><br> Plaintiff, <br><br> v. <br><br> PAUL SHERFEY, <br><br> Defendant. | CASE NO. C17-1746RSM-JPD <br><br> ORDER |

THIS MATTER is before the Court on review of Chief Judge Ricardo Martinez's Order [Dkt. #8], declining to recuse himself in response to Plaintiff Allah's[1] Motion to Recuse [Dkt. #7]. That Order was referred to this Court as the most senior non-Chief Judge under 28 U.S.C. §144 and LCR 3(e).

Allah claims that Judge Martinez is a "liar," "the devil" and a "creep." He claims Judge Martinez is demonstrating bias and prejudice to Allah, possibly based on a decision in another case, and possibly based on the fact that he has not yet succeed in this case:

---

[1] Plaintiff refers to himself as "Allah@". He is incarcerated, following a conviction under another name. The gist of his complaint appears to be that he, Allah, is not the named person convicted, the Court and Judges involved in his case are not legitimate, and the conviction should be vacated on that basis.

> (6) Pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455, Ricardo S. Martinez, and James P. Donohue, know the law, and they know when Records are Altered, Fingerprints are Forced, there is no Warrant of Commitment, means there is no Due Process, nor any Probable Cause, so to dismiss Allah° knowing all of these things means that your impartiality is suspect, and then to find out the Cases that Ricardo S. Martinez, and James P. Donohue, denied Allah° relief from are invalid, means that Allah° will never receive any Relief, because one (1) of Ricardo S. Martinez, and James P. Donohue's, duties is to uphold the U.S. Constitution and laws, yet by their Judgments which violate the Constitution and laws, Ricardo S. Martinez, and James P. Donohue, are showing bias, prejudice, hating God, and using the law to uphold their lies. Now that the Cases are revealed as being invalid, they need to correct their Void Judgments.

[Dkt. #7 at 3].

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). ). In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Allah's recusal motion does not identify or claim any personal bias, prejudice or interest on the part of Judge Martinez. It does not articulate any fact that would lead a reasonable observer to question Judge Martinez's impartiality. It is based instead on his claim that the state court judgment is invalid and that Judge Martinez will dismiss his case to save his fellow

"creeps." Furthermore, if and to the extent the claim of bias is based on Allah's lack of success in this or a different case, that is not a valid basis for a motion to recuse; judicial rulings alone "almost never" are.

Allah's Motion for Recusal [Dkt. #7] is DENIED, and Judge Martinez's Order Declining to Recuse [Dkt. #8] is AFFIRMED.

IT IS SO ORDERED.

Dated this 9th day of January, 2018.

Ronald B. Leighton
United States District Judge